

Terry Lynn Kimball
P.O. Box 21084
St. Louis, MO  63121

Re: 1:01-cv-00292

------------------------

------------------------

Please file all pleadings directl
the assigned Judge is located.  D
with the Judge's Chambers.

JUDICIAL OFFICERS:

Judge Sylvia H. Rambo
Judge Yvette Kane
Judge William W. Caldwell
Magistrate Judge J. Andrew Smyser

------------------------------------

Chief Judge Thomas I. Vanaskie
Judge A. Richard Caputo
Judge James M. Munley
Judge William J. Nealon
Judge Richard P. Conaboy
Judge Edwin M. Kosik
Magistrate Judge Malachy E. Manni
Magistrate Judge Thomas M. Blewit

------------------------------------

Judge James F. McClure
Judge Malcolm Muir

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG
JUL 24 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

TERRY LYNN KIMBALL,
    Plaintiff

v.

RALPH C. YOUMANS,
    Defendant

CIVIL NO. 1:CV-01-0292

(JUDGE KANE)

### ORDER

On February 14, 2001, the plaintiff, Terry Lynn Kimball, an inmate formerly confined at the Tioga County Prison[1] filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, the plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The plaintiff names as the sole defendant, Ralph C. Youmans, Tioga County Prison Warden. In his complaint, Kimball requests only that the court "order Warden Youmans to 'release [plaintiff] from Disciplinary Lock-up Status immediately' to enable [plaintiff] t[o] prepare this civil rights case under 42 U.S.C. § 1983". (Doc. No. 1 complaint). Kimball states that he has two issues that he would like to raise in a civil rights action, "one is [his] unlawful disciplinar[y]

---

[1] In a letter dated February 23, 2001, Kimball informed the Court that he was being released from the Tioga County Jail and currently resides at his home address which is P.O. Box 21048, St. Louis, Mo. (Doc. No. 5).

hearing which led to [his] current lock-up status; the other is an 8th Amend. issue that [he] was working on prior to being placed on lock-up status." Id. He concludes that "merely getting out of 'lock-up' will not solve the huge obstacles [he] has", in that he also "needs access to research materials, witnesses, documents, etc". Id.

Discussion

It is well recognized that the adjudicatory power of a federal court depends upon the "continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459, n.10. "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D. NY 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a Section 1983 action fails to present a case or controversy once the inmate has been transferred." Gibbs v. Wadsworth, Civil Action No. 90-1315 (3d Cir. Nov. 16, 1990); Preiser v. Newkirk, 422 U.S. 395 (1975); see also Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also, Carter v. Thompson, 803 F. Supp. 1548, 1555 (M.D.

Fla. 1992). Kimball has not been confined at the Tioga County Prison since February 28, 2001 and there is no reasonable probability that he will be returned to that correctional facility in the foreseeable future. Moreover, plaintiff has received the relief requested, namely release from disciplinary lock-up. Thus, as in <u>Gibbs</u>, "there is no threat of the alleged constitutional violation recurring." <u>Gibbs</u>, slip op. at 5. Consequently, the plaintiff's complaint is moot under the standards set forth above and should be dismissed. <u>See also</u> <u>Weaver v. Wilcox</u>, 650 F. 2d. 22 (3d. Cir. 1981). (Where a prisoner files an action seeking only injunctive relief to improve conditions at a county jail, and he is later transferred to a state correctional institution and thus is no <u>longer</u> subject to these conditions, there is no longer a "case or controversy" and the prisoner lacks standing to further pursue the claim for injunctive relief.)

NOW, THIS 14TH DAY OF JULY, 2001, IT IS HEREBY ORDERED THAT:

1. The motion to proceed <u>in forma pauperis</u> (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. The complaint is dismissed as moot.

3. The Clerk of Court is directed to close this case.

3

4. Any appeal taken from this Order shall be deemed frivolous, without probable cause, and not taken in good faith.

*[signature: Yvette Kane]*

YVETTE KANE
United States District Judge

YK:dlb